IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-137-BO

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC.,<br>Plaintiffs,<br><br>v.<br><br>NESS MASONRY, INC., and ROBERT S. NESS,<br>Defendants. | **ORDER** |

This matter is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction, which is ripe for ruling. For the following reasons, defendants' motion is denied.

## BACKGROUND

On April 28, 2008, defendant Ness Masonry Inc. entered into a security agreement with Gregory Poole Equipment Company to borrow money to purchase a tractor. The agreement granted to Gregory Poole a security interest in the tractor. Defendant Robert S. Ness guaranteed Ness Masonry's obligations in a separate guaranty dated the same day as the security agreement. Gregory Poole assigned all rights, title, and interest in the security agreement and guaranty to plaintiff.

Borrower and guarantor defaulted under the terms of the security agreement, and in October 2009, the tractor was repossessed. Plaintiff sold the tractor at a private sale on February 5, 2010 for §75,0000, and informed plaintiff that a deficiency of $67,089.93 remained. Plaintiff brought suit alleging breach of contract, action on guaranty, and requesting an order directing defendants to deliver to plaintiff a truck in which plaintiff alleges it has a security interest. Plaintiff alleges that as of June 12, 2015, the outstanding balance owed was $62,103.57, accrued

but unpaid interest of $21,599.28, and late charges of $1,413.80. Accordingly, plaintiff requests a judgment in the amount of $85,116.65, as well as attorneys' fees, which it argues are permitted by the security agreement, and per diem interest in the amount of $11.06 per day from June 12, 2015 to the date of judgment.

The complaint does not reference a federal claim, but instead, Wells Fargo bases jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a). The complaint alleges that Wells Fargo is a corporation organized and existing under the law of Minnesota with its principal place of business in Minnesota and that defendant Ness Masonry is a corporation organized and existing under the laws of North Carolina, while Robert Ness is an individual and citizen of North Carolina.

## DISCUSSION

Defendants have moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Defendants argue that plaintiff has not satisfied the amount in controversy requirement, which is $75,000. 28 U.S.C. § 1332(a)(1). When the amount in controversy is challenged, the party seeking to invoke federal subject matter jurisdiction has the burden of proving its

existence. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Accordingly, plaintiff bears the burden of demonstrating that it does not appear to a legal certainty that the claim for relief is for less than $75,000. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182 (1936).

While determination of the value of the matter in controversy is a federal question, federal courts must look to state law to determine the nature and extent of the rights to be enforced in a diversity case. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352–53 (1961) (citation omitted). "Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). Here, Wells Fargo alleges that defendants owe a principal debt of $67,089.93, an amount which clearly does not satisfy the jurisdictional amount. Defendants further allege, however, that defendants owe interest and attorneys' fees. The crucial issue, therefore, is whether this Court may consider the attorneys' fees and/or the interest allegedly owed on the debt in calculating the jurisdictional amount under 28 U.S.C. § 1332.

Although the statute states that the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs, the plain language of the statute does not end the Court's inquiry. The Court notes that Wells Fargo alleges that it is entitled unpaid interest of $21,599.28 that accrued between July 23, 2010, and June 12, 2015, shortly before the complaint was filed. Plaintiff argues that its attorneys' fees, which are currently in an amount of $10,357.50. If attorneys' fees are allowed in the amount of $10,357.50, the jurisdictional amount also will be met, as the total claim, not including interest, then would be for $77,447.43. If this

Court finds that such interest may be used, plaintiff will have met its burden, as the total claim would then be for $88,689.21.

Because this Court is sitting in diversity, it must apply the substantive law of the forum state, including the forum state's choice of law rules. This Court sits in North Carolina. The security agreement provides that it shall be governed by Minnesota law. The North Carolina Supreme Court has held that "where parties to a contract have agreed that a given jurisdictions substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect." *Tanglewood Land Co. v. Byrd*, 299 N.C. 260, 262 (1980). This appears to be true as long as "the law of the chosen State does not violate a fundamental public policy of the state or otherwise applicable law." *Behr v. Behr*, 46 N.C. App. 694, 696 (1980). Neither party has stated that the application of Minnesota law would violate any public policy of North Carolina. Accordingly, Minnesota law governs the contracts at issue.

In general, attorneys' fees are not included in the amount in controversy. There are, however, two exceptions to this general rule. Attorneys' fees may be included where they are authorized by statute or provided for as an item of damages recoverable under a contract. *See Choice Hotels Int'l Inc. v. Shiv. Hosp.*, 491 F.3d 171, 174 (4th Cir. 2007); *see also* 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3712; *Springstead v. Crawfordsville State Bank*, 231 U.S. 541 (1913); *Jones v. Dacosta*, 930 F. Supp. 223 (D. Md. 1996). Minnesota law "provides that attorneys fees are not recoverable unless there is a specific contract permitting or a statute authorizing recovery." *Dunn v. Nat'l Beverage Corp.*, 745 N.W.2d 549, 554 (Minn. 2008) (citation and quotation omitted). The security agreement and guaranty both contain provisions that award attorneys' fees to Wells Fargo under Minnesota law. [DE 1–3, ¶11; DE 1–4]. Accordingly, it is clear that there is legal authority for

collection of an attorneys' fee, and the Court finds that plaintiff reasonably could believe that it will recover the attorneys' fees it seeks.

The Court may consider affidavits submitted when deciding a Rule 12(b)(1) motion. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting that consideration of evidence "by affidavit, depositions, or live testimony" is appropriate in disposing of a Rule 12(b)(1) motion). Wells Fargo included affidavits supporting its contention that it has incurred $10,357.50 in legal fees to date. [DE 10–2, ¶¶ 7–8]. Accordingly, the Court concludes that the $10,357.50 sum sought by plaintiff may be included in the calculation of the amount in controversy for diversity jurisdiction purposes.[1] Moreover, plaintiff will likely continue to incur fees in litigating this action. Therefore, Wells Fargo has met the amount in controversy requirement for diversity jurisdiction based on its claim for attorneys' fees for purposes of defendants' 12(b)(1) motion. Based on this determination, the Court declines to consider defendants' argument as to interest.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is DENIED.

SO ORDERED, this 5 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that plaintiff had incurred only $3,612.90 in attorneys' fees at the time it filed the complaint in this action. It is clear, given the subsequent litigation and costs incurred, that an estimate of over $10,000 in legal fees was appropriate.